The opinion of the Court was delivered by
Glover, J.
Except for the contracts and liabilities of his testator, the executor is not responsible in his representative character. His duty is to pay the debts of bis testator and not to contract new ones, as executor. If the necessities of the estate require it, his control over the personal property enables him to provide the means for meeting all debts properly incident to his trust, and a power conferred upon him to bind the estate by his contracts, even for necessaries, would be liable to great abuse in its exercise. Eor goods sold and delivered or for work done, at his request, the executor may bind himself personally but not as executor, although he may have assets; and this is the plaintiff’s case. He furnished food and clothing for the testator’s slaves at the request of the widow, who is tenant for life under the will, and sues to charge the executor de lonis testatoris. If he is not bound in his representative character by an express promise, an implied one cannot create a higher obligation; nor do the peculiar circumstances relied upon make it an exceptional case. A personal liability attached in the case of *412 Bell vs. Fairchild, (2 Brev. 129,) and tbe promise was implied from bigb moral considerations wbicb should prompt every man to the discharge of a duty that justice and humanity enjoin. The obligation to pay for food and clothing, it is said, depends upon the same considerations of duty and humanity as bind an executor to pay the expenses of a funeral;'and cases may be found where, in England, with assets, he has been held answerable for such expenses on his implied promise. (Tugwell vs. Heyman, 3 Camp. 298; Rogers ys. Price, 3 Younge & Jer. 28.) But in a late case (Corner vs. Shew, Ex’or, 3 Mees. & W. 350), it was said, that if this decision is right the only point determined was that, whether on an implied promise or on an express contract, the executor is personally liable and not in his' representative character. “ There is no case which goes the length of deciding, that if the funeral be ordered by another person, to whom credit is given, the executor is liable,” (Brice vs. Wilson, 3 Nev. & M. 312.) It follows, therefore, that the widow having ordered the food and clothing, and the credit having been given to her, Huggins, as executor, is not liable. The liability of an executor or administrator in this State for the expenses of a funeral depends upon the Act of 1789 (5 Stat. 11), directing the order in which the debts due by the testator or intestate shall be paid, which provides, first, “ftfr the funeral and other expenses of the last sickness,” &c,, and as these are expressly classed among the debts of the testator or intestate, they may be recovered against the executor or administrator in his representative character. No analogy certainly can be found in the responsibility created by this Act, which will aid the plaintiff in support of his motion, which is dismissed.
Motion dismissed.
O’Neall, Waedlaw, Whither, and Muheo, JJ., concurred.

Motion dismissed.